IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM R. DOBRANSKY
*doing business as*
DYNAMICS SERVICE CENTER,            22cv0498
                                    ELECTRONICALLY FILED
        Plaintiff,

        v.

AUTO-OWNERS INSURANCE CO.,

        Defendant.

**MEMORANDUM ORDER**

This is a breach of an insurance contract case, which also contains a claim for bad faith. ECF 12. Before the Court is Defendant's motion to dismiss Plaintiff's Complaint filed in accordance with Fed.R.Civ.P. 12(b)(6). ECF 17. Plaintiff filed a response in opposition. ECF 24. Defendant filed a reply. ECF 25. For the reasons set forth herein, Defendant's motion to dismiss will be granted in part and denied in part.

**I. FACTUAL BACKGROUND**

The following facts are accepted as true for the sole purpose of deciding the motion to dismiss presently before the Court. All facts set forth below are deemed relevant to the adjudication of the motion, and all have been taken from the amended complaint filed at ECF 12.

Plaintiff leased space in an industrial building in Etna, Pennsylvania, to carry on its business of upgrading the components and systems of vintage automobiles. Plaintiff insured its business through two insurance policies purchased from Auto-Owners. The first of these policies is a commercial general liability policy ("CGL policy") which essentially provides coverage for the contents located within of Plaintiff's leased premises, any relocation expenses,

and business interruption.  The second policy is a specialty policy, known as a garage liability policy which covers the vehicles undergoing repair work within Plaintiff's leased premises.

On May 8, 2019, another tenant in the industrial building where Plaintiff's business was located accidentally started a fire which spread throughout the building.  The space leased by Plaintiff, as well as Plaintiff's tools, office equipment, office furnishings, and its parts inventory sustained smoke, soot, and water damage.  Six vehicles that were in Plaintiff's shop at the time of the fire also sustained damage.

The extent of the damage to Plaintiff's possessions and to the vehicles located in the shop was not known until on or after August 23, 2019, because the Allegheny County Fire Marshal prohibited persons from entering the building due its questionable structural integrity.  Plaintiff moved the damaged vehicles and property around this same date to a new location in Creighton, Pennsylvania.  After moving the vehicles and property, Defendant hired an appraiser to determine the cost of repairing or replacing the damaged cars, and also hired a third-party to conduct an inventory of the damaged property.

On February 5, 2020, Plaintiff Dobransky submitted to a day-long examination under oath requested by Defendant.  During the course of the examination, Plaintiff Dobransky agreed to give defendant copies of photographs taken the day of the arson inspection and federal tax returns for 2016, 2017, and 2018.  However, Plaintiff Dobransky later realized he had not filed any tax returns for those years because Plaintiff had no income in those years.

By way of a letter dated April 15, 2020, Defendant denied coverage under both the CGL insurance policy as well as the garage liability policy.  The letter indicated that the reason Defendant was denying coverage was because Plaintiff failed to produce the photographs mentioned above, as well as the tax returns from 2016 through 2018.  Plaintiff sued Defendant

raising three claims: (1) breach of the CGL insurance contract, (2) breach of the garage liability insurance contract, and (3) bad faith.

Defendant's motion to dismiss suggests that Plaintiff is time-barred from bringing this law. ECF 18, p. 2. Plaintiff, in its response to the motion to dismiss, concurs that its breach of the CGL insurance contract claim is barred by a two-year statute of limitations provision set forth in the CGL policy, however Plaintiff disagrees that it is time-barred from bringing the breach of insurance contract claim under the separate, garage liability policy; and further, argues it may continue to advance its claim for bad faith. ECF 24, p.13.

Finally, Defendant's motion also argues that its garage liability policy provides coverage for Plaintiff's losses and contends that Plaintiff's amended complaint fails to meet the pleading standards set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ECF 18, p. 4.

**II. STANDARD OF REVIEW**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

### III. DISCUSSION

**A. Breach of Contract Claim is Time Barred Under the CGL Policy**

As noted above, Defendant argued that the 2-year statute of limitations in its CGL policy bars Plaintiff from asserting a breach of contract claim against Defendant under that policy. Plaintiff has agreed that it is time-barred from suing Defendant for breach of contract under the

4

CGL policy, given that the date of loss was May 20, 2019, and this lawsuit was not filed until March 25, 2022.  Based upon Plaintiff's concession, the Court agrees to dismiss Count 1 of Plaintiff's amended complaint asserting a claim of breach of contract under the CGL insurance policy.

### B.  Breach of Contract Claim (under the Garage Liability Policy) is Not Barred pursuant to Fed.R.Civ.P. 12(b)(6)

Next, Defendant argues, unsuccessfully, that the remaining two claims should be barred due their failure to comply with the *Twombly/Iqbal* standard.  Specifically, Defendant claims that Plaintiff's complaint fails to identify the precise section of the garage liability insurance which provides coverage for the loss(es) due to the fire.  This Court disagrees.

Plaintiff's amended complaint alleges that garage liability policy provides insurance coverage for the vehicles in Plaintiff's possession which were undergoing upgrades and/or repairs.  ECF 12, para. 9 and 31. The amended complaint further notes that the vehicles at issue were damaged or destroyed because of a fire that was accidentally started by a different tenant in the building where Plaintiff's business was located.  Through the briefing process on its motion to dismiss, Defendant does not deny it issued this insurance policy to Plaintiff and furthermore, Defendant admits it investigated the claim – before denying coverage.  While an investigation into an event such as a fire does not "prove" that an insurance company "owes coverage" to its insured, the mention of an investigation in the amended complaint gives the Court reason to believe that even Defendant, as the insurance carrier, had to conduct such an investigation to determine if coverage was, in fact, appropriate.  Just because the insurance carrier, though its investigation, determined no insurance coverage for any of Plaintiff's losses existed, Plaintiff's Complaint is sufficiently pled so as to enable Defendant to adequately defend against such a

coverage/breach of contract claim.  For this reason, the Court will deny the Defendant's motion to dismiss.

### C. Bad Faith Claim is Not Barred by Fed.R.Civ.P. 12(b)(6)

Similarly, the Court declines to dismiss the bad faith claim as requested by Defendant who asserts that Plaintiff failed (again under *Twombly/Iqbal*) to specifically allege a claim for bad faith.  Plaintiff's amended complaint specifically notes that Defendant sent a letter dated April 15, 2020, "abruptly" denying Plaintiff's claims for coverage under its insurance policies.  The amended complaint further indicates that the denial letter cited two reasons why coverage was being denied: (1) Plaintiff's failure to provide photographs, and (2) Plaintiff's failure to produce tax returns as requested by Defendant.  Plaintiff's position – which is made very clear in the amended complaint – argues Defendant's two reasons for denying coverage are "bogus" (presumably meaning "invalid"), and thus, Plaintiff has properly alleged a viable bad faith claim against Defendant.  Accordingly, Defendant's motion to dismiss the bad faith claim will be denied as to Plaintiff's bad faith claim.

## IV. CONCLUSION

Based on the foregoing, Defendant's motion to dismiss ECF (17) is GRANTED IN PART. Count I of Plaintiff's amended complaint alleging a breach of contract claim with respect to the CGL policy issued by Defendant is time barred.  Accordingly, that claim is dismissed. Defendant's motion to dismiss is DENIED in all other respects, and this case will proceed on Counts II and III of Plaintiff's amended complaint.

IT IS SO ORDERED.

SO ORDERED, this 25th day of July, 2022.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All ECF Counsel of Record