IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM R. DOBRANSKY
*doing business as*
DYNAMICS SERVICE CENTER,   22cv0498
ELECTRONICALLY FILED
      Plaintiff,

        v.

AUTO-OWNERS INSURANCE CO.,

      Defendant.

This is a breach of an insurance contract case, which also includes a claim for bad faith. ECF 12. Before the Court is Defendant's motion for judgment on the pleadings and brief in support of same filed pursuant to FedR.Civ.P. 12(c). ECF 44 and ECF 45. Plaintiff filed a response in opposition. ECF 47. For the reasons set forth herein, Defendant's motion for judgment on the pleadings will be denied.

### I. FACTUAL BACKGROUND

The following facts are accepted as true for the sole purpose of deciding the motion for judgment on the pleadings currently before this Court. All facts set forth below are deemed relevant to the adjudication of the motion, and all have been taken from the amended complaint filed at ECF 12.

Plaintiff leased space in an industrial building in Etna, Pennsylvania, to carry on its business of upgrading the components and systems of vintage automobiles. Plaintiff insured its business through two insurance policies purchased from Auto-Owners.

The first insurance policy is a commercial general liability policy ("CGL policy") which this Court determined to be inapplicable to this matter based on Plaintiff's concession in his

Response to Defendant's Motion to Dismiss.  See ECF 24 and ECF 26.  The second insurance policy is a specialty policy, known as a garage liability policy which covers the vehicles undergoing repair work within Plaintiff's leased premises.  ECF 44-4.

On May 8, 2019, another tenant in the industrial building, where Plaintiff's business was located, accidentally started a fire which spread throughout the building.  The space leased by Plaintiff, as well as Plaintiff's tools, office equipment, office furnishings, and its parts inventory sustained smoke, soot, and water damage.  Six vehicles that were in Plaintiff's shop at the time of the fire also sustained damage.

The extent of the damage to Plaintiff's possessions and to the vehicles located in the shop was not known until on or after August 23, 2019, because the Allegheny County Fire Marshal prohibited persons from entering the building due its questionable structural integrity.  Plaintiff moved the damaged vehicles and property around this same date to a new location in Creighton, Pennsylvania.  After moving the vehicles and property, Defendant hired an appraiser to determine the cost of repairing or replacing the damaged cars, and also hired a third-party to conduct an inventory of the damaged property.

On February 5, 2020, Plaintiff Dobransky submitted to a day-long examination under oath requested by Defendant.  During the course of the examination, Plaintiff Dobransky agreed to give defendant copies of photographs taken the day of the arson inspection and federal tax returns for 2016, 2017, and 2018.  However, Plaintiff Dobransky later realized he had not filed any tax returns for those years because Plaintiff had no income in those years.

By way of a letter dated April 15, 2020, Defendant denied coverage under both the CGL insurance policy as well as the garage liability policy.  The letter indicated that the reason Defendant was denying coverage was because Plaintiff failed to produce the photographs

mentioned above, as well as the tax returns from 2016 through 2018. Plaintiff sued Defendant raising three claims, two of which survived Defendant's previously adjudicated motion to dismiss: count two - breach of the garage liability insurance contract, and count three - bad faith.

## II. STANDARD OF REVIEW

"A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth. of NY, NJ*, 598 F.3d 128, 134 (3d Cir. 2010). A motion for judgment on the pleadings should be granted if the movant establishes that "there are no material issues of fact, and he is entitled to judgment as a matter of law." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) quoting *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). "In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Id.*, at 417-18.

## III. ANALYSIS

The burden in this insurance coverage dispute is on Plaintiff to show that the claim falls within his insurance policy. *Lansdale 329 Prop, LLC v. Hartford Underwriters Ins. Co.*, 537 F. Supp. 3d 780, 787 (E.D. Pa. 2021), citing *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 111 (3d Cir. 2009) ("The insured bears the initial burden of establishing coverage under the policy.").

Defendant's motion for judgment on the pleadings argues its garage liability policy does not provide coverage to Plaintiff, because it is a third-party liability policy, and Plaintiff failed to

assert in his amended complaint that he had become legally liable to any third parties due to the fire.  ECF 45.  Plaintiff counters that his garage liability policy essentially provides insurance to him, in the form of: (1) garage liability coverage – meaning insurance coverage for any negligent act that Plaintiff performs which results in damage to a third-party vehicle; and (2) garage-keepers' coverage – meaning insurance coverage for any "peril" which results in damage to a third-party vehicle.

The relevant portions of the insurance policy currently at issue read as follows:

> It is agreed:
> A. The following coverage is added to **SECTION II – COVERAGE**:
>
> **GARAGEKEEPRS COVERAGE**
> **1.    COVERAGE**
> **We** shall pay for direct physical loss of or direct physical damage to an **auto** . . . not owned, leased, or rented by **you**, caused by a peril insured against, when such **auto** . . . is in your care, custody or control for:
> **a**.    Storage . . .;
> **b**.    Service; or
> **c**.    Repair
> while
> **a**.    at a location shown in the Declarations;
>
> \*          \*          \*
>
> **We** shall pay for direct physical loss of or direct damage to an **auto**    . . . not owned, leased, or rented by **you**, resulting from the the following perils only when such peril(s) are shown the Declarations:
> **a.    Named Perils**
> Named perils consists of only the following perils:
>         **(1)**    Fire or lightning;

ECF 44-4, p. 33.

Defendant argues that because SECTION II – COVERAGE contains a subsection which reads the insurer "will pay those sums that [the insured] becomes legally obligated to pay as damages because of . . . property damage to which this insurance applies[,]" it is only obligated

4

to pay for the direct physical loss or damage due to a fire to an automobile not owned by the insured, when that automobile is in the insured's garage for service or repair, if the insured has been sued by the auto owner for the fire damage or loss.

This Court does not agree with Defendant.

First, this Court, not a jury, is tasked with interpreting the insurance contract at issue in this case. *401 Fourth St., inc. v. Investors Ins. Grp.,* 879 A.2d 166, 170 (Pa 2005). In doing so, this Court must "ascertain the intent of the parties as manifested by the terms used in the written insurance policy." *Id.* at 171. "[A]ll provisions of an insurance contract must be read together and construed according to the plain meaning of the words involved, so as to avoid ambiguity while at the same time giving effect to all of its provisions." *Landsdale*, *supra*, citing *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 517 (3d Cir. 2012). Where no genuine issues of material fact exist and "[w]hen the language of the policy is clear and unambiguous, a court is required to give effect to that language." *401 Fourth Street*, 879 A.2d at 171.

Next, this Court finds no ambiguity among the terms and wording set forth in the relevant policy sections quoted above, and thus, will construe the above quoted portions of the insurance policy according to the plain meaning of the words, and will ascertain the intent of the parties while reading all provisions of the insurance contact together and affording the terms their plain meaning. In doing so, this Court notes that "SECTION II – COVERAGE"[1] is broken down into subsections: First, "Coverage A" pertains to bodily injury and property damage (this is the section upon which Defendant relies) outlining the parameters for coverage for bodily injury and property damage liability other than auto) ECF 44-4 p. 20; "Coverage B" pertains to personal

---

[1] SECTION I provides definitions of the bold terms used in the policy, SECTION III describes who is an insured, SECTION IV sets forth the limits of the insurance, Section V discusses the deductible; Section VI describes the insured's obligations after sustaining a loss, SECTION VII sets forth some general conditions.

injury and advertising injury liability damage  ECF 44-4, p. 31; and "Coverage C" pertains to coverage for medical payments. The "garagekeepers coverage" is not listed as a subsection under "SECTION II - COVERAGE" like bodily injury, property damage, advertising injury, and medical payments.  To the contrary, "garagekeepers coverage" is its own separate document within this policy.  This two-page document begins by indicating that the garagekeepers coverage "is added to SECTION II-COVERAGE[.]" ECF 44-4, p. 33 (Emphasis added).  Thus, the given the plain meaning of the words involved (specifically, the word "added"), so as to avoid ambiguity, while concurrently giving effect to all of the policy's provisions, this Court, therefore, finds that the "garagekeepers coverage" provides additional coverage to the coverages described in SECTION II of the policy.

      Finally, this Court also notes that the insurance policy declarations pages clearly indicate: (1) what the limits of insurance would be if a claim were filed; and (2) what the insured (Plaintiff) was to pay (*i.e.*, his "premium") for the coverage provided by this entire policy.  Importantly, there are different limits of insurance for the different forms of coverage provided by this policy, and the total premium payment is broken down for the insured (Plaintiff) to see how much of the total premium was being charged for the various forms of coverage the policy provided.  ECF 44-4, p. 6-13.  For example, the "Garage Liability Coverage" had insurance limits of $2,000,000.00 in the aggregate, while the "Garagekeepers Coverage" had insurance limits of  the "actual loss" minus a $500.00 deductible.  The premium for the "Garagekeepers Coverage – Direct Primary" is listed as $733.65, $1,193.94.  See ECF 44-4, p. 9, 11.  The premium for the "Garage Liability – Division II" coverage is $315.57 and $255.27.  See ECF 44-4, p. 8, 10.

Based on the foregoing, Plaintiff paid different premiums for different types of coverage within the garage liability policy at issue in Defendant's motion for judgment on the pleadings. Given the plain meaning of the sections of this policy referenced above, the garage liability policy at issue in this matter covered different kinds of losses.  One type of loss this policy covered was the express type of coverage sought in Count Two of Plaintiff's amended complaint – coverage for actual losses sustained to automobiles within Plaintiff's care, custody or control during the fire.

**IV. CONCLSUION**

Plaintiff's amended complaint adequately sets forth a claim for the very type of coverage provided for in the "Garagekeepers Coverage" portion of the garage liability policy. Accordingly, this Court will deny Defendant's motion for judgment on the pleadings.

AND NOW, this 10th day of November 2022, Defendant's motion for judgment on the pleadings ([ECF 44](#))  is hereby DENIED for the reasons set forth infra.

SO ORDERED, this 10th day of November, 2022.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All ECF Counsel of Record